WEL MUSICK, Respondent, vs. A. & P. R. R. Co., Appellant.

1. *Practice, civil—Instructions.*—An instruction not based on evidence should be refused.
2. Under Wagn. Stat., § 43, p. 310, a railroad company is not responsible for stock killed by the cars, etc., when such killing takes place at a point on their road where it is not fenced and when it does not pass through or along inclosed or cultivated fields, or uninclosed prairie lands, unless actual negligence be proven.

*Appeal from Franklin Circuit Court.*

*J. N. Litton,* for Appellant.—*J. White,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This suit originated before a justice of the peace, and was brought to recover $50.00 as the amount of damages alleged to have been sustained by plaintiff in consequence of the killing, by the engine and cars of defendant, of stock belonging to plaintiff. The action is based on 1 Wagn. Stat., § 43, p. 310, which requires railroad corporations to "erect and maintain good and substantial fences on the sides of the road where the same passes through, along or adjoining, inclosed or cultivated fields or uninclosed prairie lands," and until the erection of such fences, renders the railroad company liable in double damages for any injury done to horses, cattle and other animals. The jury found for the plaintiff, and the court on his motion doubled the damages and rendered judgment for $100.

The defendant might have well demurred to the evidence, as there was not a particle of testimony offered by the plaintiff to bring this case within the provisions of the section before referred to, on which his action was founded. For although the jury might, perhaps, have legitimately inferred, that the stock was killed by the engine and cars of the defendant, yet, there was nothing adduced to show that such killing took place where the road of defendant passed "through, along or adjoining inclosed or cultivated fields," nor that such fields were within some three-fourths of a mile in any given direction of the above mentioned locality.

For these reasons the instruction which was granted on the part of the plaintiff as it had no evidence on which to rest, should have been refused.

Judgment reversed, all the judges concur.