DAVIS v. THE MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY, PLAINTIFF IN ERROR.

**Pleading:** JUSTICES' COURTS: INSUFFICIENT STATEMENT IN ACTION FOR KILLING STOCK. In an action brought under Sec. 43, Wag. Stat. p. 310, for killing cattle, *Held*, that a statement filed with a justice, charging that, where the accident occurred, the defendant's road was "*unfenced*" merely, stated no facts constituting a cause of action under said section. This section applies only to those localities where the law requires the railroad to be fenced.

*Error to Henry Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*John Montgomery, Jr.* for plaintiff in error.

None of the facts necessary to bring the cause of action within the 43d section are pleaded. It is simply stated that the cattle "strayed upon the track where the road was unfenced," not where the road passed through, along or adjoining inclosed or cultivated fields or uninclosed prairie lands; not where the company was required to fence, but simply where it was unfenced. It may have been, so far as the petition shows, within a town or on a public highway. This certainly cannot be held good. *Dyer v. Pacific R. R. Co.*, 34 Mo. 128; *West v. Hannibal & St. Joe R. R. Co.*, 34 Mo. 177; *Quick v. Hannibal & St. Joe R. R. Co.*, 31 Mo. 399; *Miles v. Hannibal & St. Joe R. R. Co.*, 31 Mo. 408; *Calvert v. Hannibal & St. Joe R. R. Co.*, 34 Mo. 242; *Brown v. Hannibal & St. Joe R. R. Co.*, 33 Mo. 310; *Musick v. A. & P. R. R. Co.*, 57 Mo. 134; *Cary v. St. L., K. C. & N. R. R. Co.*, 60 Mo. 213. Nor can it be inferred from the petition that the injury occurred at any place where the company were bound to fence. Yet upon this petition the court rendered judgment under the third count for double damages. The motion in arrest was made directly upon this point and should have been sustained.

SHERWOOD, C. J.—Action under 43d section (1 Wag.

Stat. 310) for killing cattle.   It is charged in the statement filed with the justice, that the " cattle, without the fault or neglect of the plaintiff, strayed in and upon the tr ck of defendant's railroad, in Davis township, Henry county, where the same was unfenced, and by reason of defend- ant's carelessness in the management of its cars upon said railroad through its agents and servants, said cattle were killed, and for which he asks judgment for double the amount of said cattle, to-wit: the sum of seventy dollars." The plaintiff had judgment both before the magistrate and in the circuit court.  The statute, (§ 13, p. 814, Wag. Stat.) requires in cases of this sort, "a statement of the facts constituting the cause of action."   (*Brashears v. Strock*, 46 Mo. 221; *Swartz v. Nicolson, (infra* p. 508.)  The 43d section on which this action is based, applies only to those locali- ties where the law requires the railroad to be fenced, as this court has repeatedly decided.    (*Musick v. A. & P. R. R. Co.*, 57 Mo. 134; *Cary v. St. L., K. C. & N. R. R. Co.*, 60 Mo. 209.)   This being the case, it is obvious that the bare statement, that the defendant's road "was unfenced" where the accident occurred, stated no facts constituting a cause of action, and showed no liability on the part of de- fendant under the section cited.   The motion of defendant should, therefore, have prevailed and the cause have been dismissed.   Judgment reversed.   All concur.

REVERSED.