JOSEPH H. PIPKIN, Appellant, v. PHILIP HAUCKE, Respondent.

April 15, 1884.

1. MALICIOUS PROSECUTION. — That a prosecuting witness had stated to the prosecuting attorney all the facts within his knowledge concerning the transaction out of which the prosecution arose, will not avail as a defence to an action against him for malicious prosecution, unless such facts are shown to have been all that he could, by reasonable diligence, have ascertained.

2. —— That the prosecuting witness had cause to believe the accused guilty, and had stated all the facts to the prosecuting attorney, is not a defence to an action for malicious prosecution, if he, nevertheless, believed the accused to be innocent and caused his arrest for the purpose of injuring him.

3. INSTRUCTIONS. — An instruction whose language is fairly susceptible of a meaning which assumes a state of facts as to which there is no substantial evidence, is erroneous.

APPEAL from the St. Louis County Court, EDWARDS, J. *Reversed and remanded.*

M. F. TAYLOR, for the appellant.

JOHN R. WARFIELD, for the respondent: To warrant a recovery for malicious prosecution, malice and want of

probable cause must be shown. — *Sharpe* v. *Johnson*, 59 Mo. 557 ; *s. c.* 76 Mo. 660 ; *Vansickle* v. *Brown*, 68 Mo. 627 ; *Brennan* v. *Tracy*, 2 Mo. App. 540 ; *Cottrell* v. *Richmond*, 5 Mo. App. 588 ; *Burris* v. *North*, 64 Mo. 426. It is sufficient that the defendant acted in good faith upon the advice of competent counsel. — *Sparling* v. *Conway*, 6 Mo. App. 283 ; *s. c.* 75 Mo. 510.

LEWIS, P. J., delivered the opinion of the court.

This is an action for a malicious prosecution. There was a verdict for the defendant. The court gave, at the instance of the defendant, the following instruction : —

" The court instructs that, if the jury believe and find from the evidence, that before the arrest and trial of plaintiff upon the charges mentioned in the petition, the said defendant stated the facts in connection with said charges, so far as he knew them, to the prosecuting attorney of said county, and gave to said prosecuting attorney the names of witnesses who had knowledge of such facts ; and upon the information so given, the said prosecuting attorney issued and filed an information before the justice, upon which the warrant issued under which plaintiff was arrested and subsequently tried before the justice upon the charges contained in said information, the jury will find for defendant."

This instruction was misleading and erroneous. According to all the authoritative rulings, it was insufficient for the defence that the defendant stated to the attorney the facts connected with the charges, " so far as he knew them." He must also have stated all the facts so connected, which by reasonable diligence he could have ascertained. *Hill* v. *Palm*, 38 Mo. 13 ; *Sappington* v. *Watson*, 50 Mo. 83 ; *Sparling* v. *Conway*, 75 Mo. 510 ; *Sharpe* v. *Johnston*, 76 Mo. 660 ; *s. c.* 4 Mo. App. 575. The instruction is misleading in its hypothesis which seems to throw upon the attorney the whole responsibility of initiating the prosecution. The defendant himself testified that he swore to

the information and filed it with the justice, after the attorney had filled it out. The instruction supposes that the officer may have taken upon himself personally to institute the prosecution. There was no evidence tending to show that fact, in the sense that might easily be inferred from the language of the instruction.

But the instruction is also wrong in its general scope and effect. It confounds the defence of an honest belief in the guilt of the accused, and an inferable absence of malice, with the evidence that may sustain the defence. The prosecuting witness may have given to the attorney all the facts he knew about the case, and may yet have believed the accused to be innocent of any crime, notwithstanding the attorney's advice, and so may have caused the arrest purely for the purpose of injury and degradation upon the accused. Bayley, J., in *Snow* v. *Allen*, 1 Stark. 502. The jury should have been told that, if the defendant acted in good faith upon the advice of the attorney, believing that it was correct, and that the accused was guilty of a violation of the criminal law, then the verdict ought to be in his favor. But these elements do not appear in the instruction, and a false and insufficient test of the defendant's liability was submitted in their stead.

The judgment is reversed and the cause remanded. All the judges concur.