23 645
43 512

W. T. LARIMORE, Appellant, v. J. B. LEGG, Respondent.

St. Louis Court of Appeals, December 21, 1886.

1. PRACTICE—INSTRUCTIONS.—Instructions as to facts not in issue are properly refused.

2. ———— DEFINITIONS.—The meaning of words in ordinary, or in commercial use, need not be defined in instructions.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

A. R. TAYLOR, for the appellant.

TAYLOR & POLLARD, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The only complaint made by the appellant in this case is that the court erred in its instructions to the jury.

The suit is one upon a promissory note by the indorsee against the indorser, and the only controversy of fact between the parties is, whether the defendant had indorsed the note for the accommodation of the maker (one Schonhorst), as the plaintiff claims, or whether he had so indorsed it for the accommodation of the plaintiff, as the defendant claims. There was substantial evidence to sustain the defendant's version of the contract.

Upon request of the plaintiff the court instructed the jury as follows :

"1. The law presumes that the defendant, Legg, signed the note sued upon as an indorser to secure the

payment of the sail note, and the burden of proof is on the defendant to satisfy the jury to the contrary."

"2. If the jury find that the plaintiff, by his agent, J. W. Larimore, required as an inducement to accepting the note sued upon, and paying a portion of the indebtedness of Schonhorst, that the defendant, Legg, should endorse the said note, and that the defendant, Legg, did, thereupon, at the request of the said John W. Larimore, endorse said note, then the plaintiff is entitled to recover."

The following instructions asked by the plaintiff were refused, and their refusal is assigned for error:

"The court instructs the jury that the law presumes that the defendant signed his name on the back of the note sued upon as an endorser, and that the defendant agreed that if the said note, at its maturity, was presented to the maker, Schonhorst, and payment thereof demanded and refused, and that the defendant, Legg, was notified thereof within a resonable time thereafter, then the said Legg would pay the note."

"The court instructs the jury that if they believe from the evidence that the defendant, Legg, endorsed the note sued upon at the request of John W. Larimore, agent of the plaintiff, to induce the plaintiff to pay off the indebtedness of Schonhorst, and accept the said note in payment of such outlay, then the plaintiff is entitled to recover."

The point made, that the first of these refused instructions advises the jury as to the nature of an indorser's contract, and should have been given on that account, is untenable. How could the plaintiff be prejudiced by not having the jury instructed as to the nature of an indorser's contract, when in another instruction the court tells the jury that the plaintiff was entitled to recover if the defendant was an endorser for

value. The testimony raised no issue as to the dishonor of the note, and timely notice thereof to the defendant.

The second instruction refused, while otherwise unobjectionable, is in substance a mere repetition, in another form, of the second instruction given. Multiplicity of instructions only tends to confound the jury.

Nor is there any valid objection to the instruction, given upon the defendant's request, that "If they believe from the evidence that Legg, at the request of John W. Larimore, endorsed the note in question for the accommodation of Mr. Larimore, the plaintiff, then they will find for the defendant, Legg."

Accommodation is an English word in ordinary use, and when applied to negotiable paper, in ordinary commercial use. Its meaning, when thus used, is not different from its legal meaning.

The instructions given, taken together, submitted to the jury the only question at issue fairly. That question was, whether the plaintiff parted with any value on the faith of the defendant's endorsement. That the defendant received no other value for his endorsement is not disputed. The jury, upon substantial evidence, determined the issue thus submitted to them against the plaintiff, and their finding is conclusive.

The judgment is affirmed. All the judges concur.