JERRY PROCTER, Respondent, v. ALBERT LOOMIS, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Evidence :** AGENT'S REPORT TO HIS PRINCIPAL OF TERMS OF CONTRACT NOT ADMISSIBLE VS. THE OTHER PARTY. In an action on a contract, the evidence of plaintiff's agent as to what he told plaintiff were the terms of the contract, which he as agent for plaintiff had entered into with defendant, is inadmissible and its admission constitutes prejudical error.

2. **Practice :** INSTRUCTIONS REFERRING JURY TO PLEADING FOR THE ISSUES ERRONEOUS. It is the duty of the court to tell the jury what are the essential facts to be found under the pleadings, and an instruction that refers them to the answer to find the issues must be condemned.

3. ——— : INSTRUCTION AS TO PREPONDERANCE OF THE EVIDENCE OF COUNTER-CLAIM. Where the answer admits the allegations of the petition and set up a recoupment and counter-claim, it is not improper to instruct the jury that, unless the defendant does prove such defense by a preponderance of the evidence to the satisfaction of the jury, the jury will find for the plaintiff.

4. ——— : INSTRUCTIONS AND EVIDENCE. It is proper to give instructions when there is evidence to support them, but it is error to instruct a jury upon a theory not justified by the evidence.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Graves & Aull* and *J. S. Blackwell*, for appellant.

(1) The verdict was against the law and against the evidence. (2) The court erred in excluding the letter written by respondent, copied in abstract, pages 41 and 42. *Coughlin v. Haeussler*, 50 Mo. 128; *Budd v. Hoffheimer*, 52 Mo. 297. (3) The court erred in admitting the testimony of James Waterhouse as to what report he made to respondent after the contract at Lexington had been completed. *Wood v. Hicks*, 36 Mo. 326, 440; *Coble v. McDaniel*, 33 Mo. 363; *Fougue v. Burgess*, 71 Mo. 389; *Greely Burnham Co. v. Caper*, 23 Mo. App. 301. (4) The court erred in sustaining objection of respondent to question propounded respondent on page 30 of abstract, as to whether or not he was loading the cars for appellant. *Coughlin v. Haeussler*, *supra; Budd v. Hoffheimer*, 52 Mo. 297. (5) The court erred in granting instruction one for respondent. *McGinnis v. Railroad*, 21 Mo. App. 399; *Remmler v. Shenuit*, 15 Mo. App. 192; *Clark v. Kitchen*, 52 Mo. 316; *Dassler v. Wisley*, 32 Mo. 498; *Oil Co. v. Railroad*, 35 Mo. 84. (6) The court erred in granting instruction two for respondent. *Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35; *Matthews v. Co.*, 59 Mo. 474. (7) The court erred in granting instruction five for respondent. *Beauchamp v. Higgins*, 20 Mo. App. 514; *Banks v. Westlake*, 21 Mo. App. 565; *McGinnis v. Railroad*, 21 Mo. App. 399; *Dunn v. Dunnaker*, 87 Mo. 597; *Legg v. Johnson*, 23 Mo. App. 590; *Sheedy v. Streeter*, 70 Mo. 679; *Otto v. Bent*, 48 Mo. 26; *Young v. Ridenbaugh*, 67 Mo. 574; *Belt v. Goode*, 31 Mo. 128; *Crole v. Thomas*, 17 Mo. 329; *Christian v. Searcy*, 8 Mo. 733; *Talbot v. Mearns*, 21 Mo. 427.

*Wallace & Chiles*, for respondent.

(1) We adopt the numerical order of the appellant's points, and answer them under the respective numbers and in such order: (2) Whether the verdict was against the law, see the law points as raised. The evidence was overwhelmingly in favor of the plaintiff, but if there was any conflict, and any evidence at all to support the verdict, the jury were, and are, the sole judges, and the verdict must stand. (3) The letter excluded by the court was one written on other business, and at the bottom of it was the part offered by the defendant. (4) The report of the sale made by James Waterhouse (he being produced as a witness) to Procter was competent. It was admissible as a part of the *res gestæ*, and as showing his acts as agent in making the sale of the apples. 1 Greenl. Ev., secs. 113, 114, 123, 124; *Hayes v. Railroad*, 15 Mo. App. 584. Besides this, the appellant had already brought this matter out in evidence, which entitled respondent to do so, even if there was any doubt of the right otherwise to introduce such evidence, (5) Instruction 1, given for respondent, was correct. It was merely given to direct the attention of the jury to the shifting of the burden of proof, the petition being admitted *in toto*. It did not remit the jury to the pleadings for the issues. Such instructions are often given, and are not erroneous. *Corrister v. Railroad*, 25 Mo. App. 619; *Hayner v. Churchill*, 29 Mo. App. 676. Besides, the other instructions given on behalf of plaintiff, as well as defendant, presented the entire case. *Karle v. Railroad*, 55 Mo. 476; *Whalen v. Railroad*, 60 Mo. 323; *State v. Gregory*, 30 Mo. App. 582; *Muehlhausen v. Railroad*, 91 Mo. 332 at 346. The statement that the defendant must prove his defense "by a preponderance of evidence to the satisfaction of the jury" is no error. The case in 52 Mo.

316, has been in a measure disapproved, and the practice is now universally to give such instructions. *Berry v. Wilson*, 64 Mo. 164; *Davis & Co. v. Railroad*, 13 Mo. App. 449; *Jackson v. Ins. Co.*, 27 Mo. App. 62; *Reilly v. Railroad*, 94 Mo. 600, 610. (6) Respondent's instruction 3, or rather 5, is the law. 2 Kent Com. 499; *Comstock v. Affreiter*, 50 Mo. 411. And is based on evidence of the appellant as well as that of respondent.

SMITH, P. J.—This was a suit commenced in the circuit court of Lafayette county to recover two hundred and eleven dollars and seventy cents, balance claimed to be due on account of the sale and delivery of one thousand barrels of apples.

The answer admitted the substantive allegations of the petition, but for "further answer, recoupment and counter-claim," alleged that the said contract for the purchase of the apples was made through James Waterhouse, and that by the terms of the contract the plaintiff was to deliver the apples on board the cars of the Chicago & Alton Railroad, at Mayview, Missouri, in good shipping condition to be shipped to St. Louis, and that the barrels were to be well filled, with no "slack" barrels, nor rotten nor damaged apples therein.

That regardless of the terms of the contract, the apples were by plaintiff put on said cars and shipped to St. Louis in a badly damaged condition. That the barrels were "slack," and there were rotten and damaged apples therein, and that consequently the apples reached the market in St. Louis, for which market defendant was purchasing said apples for re-sale, in a badly damaged condition, and that the barrels were "slack," and there were rotten and damaged apples therein, by reason of which the apples, instead of selling for $2.50 per barrel, the market price of such apples, in good condition and well packed, had to be sold at from $1.25 to $1.90 per barrel, causing a loss to defendant of $502.80.

The replication was a general denial of the new matter of the answer. The evidence adduced at the trial was quite extensive, but it is not necessary to set forth any part of it in this connnection. The references to it later on will be sufficient for our present purpose.

The court gave for the plaintiff these instructions :

"1. The court instructs the jury that, under answer of defendant, all the allegations in the plaintiff's petition are admitted, and that it devolves on defendant to prove the special matters of defense stated by him in said answer, and unless defendant does prove such defense by a preponderance of the evidence to the satisfaction of jury, the jury will find for plaintiff on the facts of the petition that are admitted, and will find a verdict for plaintiff for sum of $211.70, with interest thereon from December 1, 1886, to date, at the rate of six per cent. per annum."

"2. The court instructs the jury that, if they believe, from the evidence, that under the contract for the purchase of the apples, in issue in this case, the defendant directed the plaintiff to examine the apples before shipment by shaking the barrels in which they were contained, and to open and repack only those in which the apples appeared to be loose or " slack" upon such shaking, and that such was part of the contract, and that the plaintiff did shake all the barrels before shipment, and did repack all the apples that appeared to be loose or "slack" on such shaking, and that the apples were delivered on cars, at Mayview, in the condition, and packed according to the agreement, then the plaintiff is not responsible to defendant for any loss or damage that might be occasioned to such apples, which might result from such method of repacking, and the jury will so find in considering their verdict."

"5. The jury are instructed that, if they believe, from the evidence, that defendant purchased of plaintiff the apples in controversy, to be delivered by plaintiff

to defendant, on board of cars, at Mayview, in good merchantable condition, or good shipping condition, for shipment to St. Louis, Missouri, then it was the right of defendant, by himself or agent, to be at Mayview to inspect such apples and receive them at the time they were so to be delivered, and that if instead of not attending at Mayview to inspect and receive such apples at the times of their delivery and shipment, left it to the agents of the railroad company there to accept and receipt for such apples on such shipment thereof, and further believe, from the evidence, that such apples were delivered by plaintiff to defendant, on board of such cars, in accordance with the terms and conditions of his contract with defendant, then the agents of said railway company became, and were, the agents of defendant in receiving and receipting for such apples, and the delivery of such apples to, and on board of, such cars, was a delivery of the same to defendant by plaintiff."

The verdict of the jury was for plaintiff, and the defendant, after an unsuccessful motion to set the same aside, and after judgment was entered thereon, took an appeal to this court.

I. The defendant contends that the circuit court erred in admitting the testimony of James Waterhouse, as to what he told the plaintiff in respect to the terms of the contract which he, as agent for him, had entered into with the defendant.

The report of the terms of the contract made by Waterhouse to the plaintiff, if inaccurate could, in no way, affect the rights of the other contracting party. If he had the authority to sell the apples and did so, the terms and conditions of such sale could not be varied by any report thereof that he could make to his principal, the plaintiff. *Greely-Burnham Grocery Co. v. Copen*, 23 Mo. App. 301.

This testimony was calculated to mislead the jury as to the terms of the contract. It was highly prejudicial to the rights of the defendant, and its admission upon principle can find no sanction anywhere.

II.   It is not perceived that the other exceptions to the action of the circuit court in admitting testimony are well grounded so that they will not be sustained by us.

III.   The defendant objects to the first instruction given for the plaintiff on the ground (1) that it refers the jury to the pleadings to ascertain the issues and (2) that it told the jury that they must be satisfied "by a preponderance of the evidence," etc.   As to the first of these grounds, it seems to us that the same is well taken.

The jury were referred to the answer to find the issues and for that reason it must be condemned.

It was the duty of the court to tell the jury what are the essential facts to be found under the pleadings. *McGinnis v. Railroad*, 21 Mo. App. 399; *Remmler v. Shenuit*, 15 Mo. App. 192; *Edelamn v. St. L. Trans. Co.*, 3 Mo. App. 503; *Comston v. Railroad*, 25 Mo. App. 619.

The last two of the above cited cases, while distinctly adhering to the rule which is announced in 21 Mo. App. *supra*, hold that references evidently made for the purpose of shortening the instruction as to matters of description which are parts of the narrative and not to the essential questions in the case, which are apparent from the instruction, are permissible, but the instruction under consideration is not of this class.

Such an instruction is confusing and not calculated to enlighten the mind of the jury, and ought never to be given.

As to the second ground of objection it is sufficient to say that the words of the instruction against which the objection is lodged were not improper or out of

place there. *Berry v. Wilson*, 64 Mo. 164; *Davis v. Railroad*, 13 Mo. App. 449; *Johnson v. Ins. Co.*, 27 Mo. App. 62.

IV.   Defendant assails the second instruction given for the plaintiff on the ground that there was no evidence on which to base it. In this we think defendant's counsel is mistaken. The testimony of Waterhouse of itself was sufficient to justify the giving of this instruction.

V.   The defendant further insists that the circuit court erred in giving the plaintiff's fifth instruction, for the reason that it is unwarranted by the evidence.

We have examined the evidence and fail to find any facts therein which warrant the hypothesis of said instruction. There is nothing in the evidence even tending to show that it was provided in said contract that the agent of the railroad should inspect and receive the apples for any purpose other than for shipment or that the defendant had in any manner authorized said railroad agent to receive the apples in any condition other than was agreed upon in the contract of sale and purchase. The evidence tended to show that plaintiff under his contract was to deliver the apples on the cars in good shipping condition.

There was no evidence that there was any waiver of the terms of the contract in this regard.

It is error to instruct a jury upon a theory not justified by the evidence. *Boatman's Savings Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35.

We think the judgment should be reversed and the cause remanded. All concur.