GEORGE HERMAN, Respondent, v. JAMES A. OWEN *et al.*, Appellants.

Kansas City Court of Appeals, December 1, 1890.

1. **Trespass:** EVIDENCE OF TITLE. In an action for double damages for malicious or wanton damage or destruction to personal property, it is proper to exclude a sheriff's deed to the real estate where the furniture was, and where the plaintiff resided, as the title had nothing whatever to do with the controversy.

2. **Evidence:** INSTRUCTION. Evidence in this case is *held* sufficient to show wantonness and maliciousness, and to support an instruction to that effect.

3. **Appellate Practice:** INVITED ERROR. Appellant cannot complain of an invited error.

*Appeal from the DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*S. S. Brown* and *Harwood & Miller*, for appellants.

(1) The court erred in excluding the sheriff's deed from the plaintiff to defendant Owen, for the simple reason that the deed gave the defendant, James ·A. Owen, the right to make a peaceable entry upon the premises, and no other but a peaceable entry is shown by the evidence in the record. (2) The court erred in giving the first instruction prayed by plaintiff, because the same is not supported by any evidence in the record tending to prove either "wantonness or maliciousness" on the part of defendants, or either of them. And instructions should not be given where there is no evidence to support them. *Paint Co. v. Colon,* 92 Mo. 221; *Waddington v. Hulett,* 92 Mo. 528; *Kreech v. Railroad,* 64 Mo. 172; *Weyland v. Weyland,* 64 Mo. 168; *Clark v. Railroad,* 64 Mo. 440; *Lillis v. Railroad,* 64 Mo. 464; *Davis v. Fairclough,* 63 Mo. 61; *Snider v. Exp. Co.,* 63 Mo. 376; *Campbell v. Allen,* 61 Mo. 581; *Wells v. Halpin,* 59 Mo. 92; *State v. Hudson,* 59 Mo. 135; *State v. Harris,* 59 Mo. 550; *Roper v. Fleming,* 58 Mo. 438; *Bow v. Armstrong,* 56 Mo. 577. We might cite numerous other authorities upon this proposition, which is the vital one in this case, but will content ourselves by citing one more: *Zwisler v. Storts,* 30 Mo. App. 163. (3) The court erred in giving the second instruction prayed by plaintiff. Now, upon this proposition, we have only to say that the definition of wantonness is not correct as given in the instruction. But,

further conceding the definition of wantonness in a legal sense to mean "recklessness and carelessness," and without due regard to the rights of others,—which we insist is not a proper definition,—yet there is no evidence in the record to base the interpretation upon, and, therefore, the authorities above cited condemn the interpolation, as well as the main instruction.

*K. B. Randolph*, for respondent.

(1) The sheriff's deed, offered in evidence by the defendants, was properly excluded by the court. The title to the real estate, where the personal property was situated at the time the unlawful acts of defendants were committed, could not be investigated in a proceeding of this nature. The defendants did not claim to own the personal property, and it is for the damage to the personal property that plaintiff has brought his suit. (2) Where there is sufficient evidence to go to the jury, and proper instructions are given, their finding is conclusive. *Culbertson v. Hill*, 87 Mo. 553. (3) The first instruction given on behalf of plaintiff follows the language of the statute, and is objected to by the defendants only because they assert that there is no evidence to support a verdict. As to whether or not there is sufficient evidence, we are content to leave to an examination of the record by the court. (4) The defendants are not in position to complain of either the pleadings, evidence or instructions, because in the conduct of the trial, and the asking of instructions, they deliberately adopted the theory of the plaintiff in all matters except the right to litigate the title to the real estate, from which the personal property was thrown, and injured. *Davis v. Brown*, 67 Mo. 313; *Rowell v. City of St. Louis*, 50 Mo. 92; *Keen v. Schnedler*, 92 Mo. 516.

GILL, J.—This is an action for double damages for injuries done to the personal property belonging to the plaintiff—the action brought under the provisions of

section 3928, Revised Statutes, 1879. The suit originated before a justice of the peace, was appealed to the circuit court, tried, and a verdict by jury fixing the damages at twenty-five dollars, followed by the judgment of the court for double the amount. The defendants bring the case here by appeal. The facts shown by the evidence are substantially these : The plaintiff, George Herman, had been in possession and occupying the premises mentioned in the petition for about sixteen years prior to the trespass complained of. About a year prior to said trespass, he and his wife had separated, she removing to another part of the city of St. Joseph, the plaintiff continuing to live at the house, having his household goods there, and sleeping there. The defendants, by their own confession, entered said dwelling in the absence of the plaintiff, and removed plaintiff's household goods and personal property, and placed it in the yard. The property removed by defendants was found by them in the second story of the building. When found by plaintiff, and seen by the other witnesses, immediately after it had been thrown out by defendants, it was scattered about the yard, much broken and damaged, apparently having been thrown from the upper windows. The curtains had been torn from their fastenings, which remained attached to the walls ; the bureau, bedsteads, clock, stoves, chairs, etc., were scattered, broken and damaged. The contents of the bureau were missing, etc. At the close of the evidence, the court at the instance of plaintiff instructed the jury as follows :

"1. The court, on behalf of the plaintiff, instructs the jury, that if they believe from the evidence, that on or about the twenty-third of August, A. D. 1887, the defendants wantonly or maliciously injured or destroyed the furniture and personal property of plaintiff, mentioned in evidence, they will find for plaintiff such sum as they may believe, from the evidence, the plaintiff's

property had been injured by reason of such wanton or malicious injury on the part of defendants.

"2. The jury are instructed that the word 'wontonly' as used in the petition and instructions, means recklessly and carelessly, and without due regard for the rights of plaintiff."

And, at the request of defendants, gave the following:

"1. The jury are instructed, that, unless they believe from the evidence that the defendants wantonly and maliciously damaged or destroyed furniture belonging to plaintiff, they will find for the defendants.

"2. The jury are instructed that defendants are not responsible in this. action for any damage which may have resulted to the plaintiff's furniture in consequence of his having failed to use ordinary care to preserve the same from injury after he learned the fact that it had been set out of the house.

"3. The jury are instructed that, in estimating the damages in this case, they will not take into consideration anything except the actual damages that resulted to the furniture of plaintiff from the acts of defendants, or either of them, and they will not take into consideration any damage done to a buggy top.

"4. The court instructs the jury that in arriving at their verdict they will disregard all statements which the witnesses say were made to them about other persons than the defendants, unless such statements of other persons were made in the presence and hearing of one or both of the defendants."

There is no substantial reason presented why this judgment should be disturbed. The first point suggested by defendant's counsel is, that the court erred in excluding the sheriff's deed to defendant Owen, conveying the real estate (on which plaintiff's furniture was stored). In this the court was clearly correct as the title to the house where the plaintiff resided had nothing

whatever to do with this controversy. Besides no exception was saved to the court's ruling on this matter.

The second error charged is that the court wrongfully gave plaintiff's first instruction, "because," it is said, "the same is not supported by any evidence in the record tending to prove either *wantonness* or *maliciousness* on the part of defendants," etc. In answer to this assignment of error, as well as to the error denominated number 3, it is sufficient to say, that in our opinion ample evidence appears to justify the charge. Indeed, in the light of plaintiff's testimony, it was a most flagrant trespass, and attended with such conduct by defendants as to warrant the charge of wantonness or maliciousness.

Defendants cannot justly complain of the court's error ( if error it was ) in not defining the terms wantonness or maliciousness, since defendants used the identical words in their own instructions offered without explanation, and, hence, they are in no condition to complain of errors they invited.

There is nothing further in this case worthy of serious consideration. • Judgment affirmed. All concur.