THE FLINT-WALLING MANUFACTURING COMPANY, Respondent, v. HARVEY L. BALL, Appellant, Administrator.

Kansas City Court of Appeals, February 2, 1891.

1. **Appellate Practice:** INSTRUCTION: COMMON ERROR. Appellant cannot complain of a fault in respondent's instructions when his own contains the same error. *Communis error facit jus.*

2. **Definitions:** WARRANTY. A warranty has been defined to be an express or implied statement of something which a party undertakes shall be part of the contract, and, though part of the contract, collateral to the express object of it.

3. **Instructions:** WARRANTY. "Warranty" being a technical term a court would not be justified in presuming its signification is well understood by the average juror, and, when employed in an instruction, it should be defined, and the jury told what are the essential facts to be found under the pleadings to constitute a warranty so defined.

4. ———: EVIDENCE. Instructions based upon facts not shown in evidence are erroneous.

5. ———: ———: WHAT LEFT TO THE JURY. The jury on the facts in this case should have been left under proper instructions to determine whether the destruction of the mill in controversy was caused by the negligence of the plaintiff or by a storm of such violence as to be called the act of God—*vis divina*—making it practically impossible for the mill to resist it.

6. **Pleading:** ANSWER: REPLY: EVIDENCE: INSTRUCTION. Whenever the defendant intends to rest his defense upon any fact which is not in the allegations necessary to support the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial. An affirmative defense should be clearly and distinctly set forth. And this rule is likewise applicable to the reply in this case, as by the general denial of the affirmative defense plaintiff could only try such questions as were necessary to sustain defendant's case; and an instruction based on matters not raised in the replication was improper.

7. **Instructions:** WARRANTY. An instruction as to the circumstances under which the jury would be justified in finding there was a warranty in fact is criticised, and suggestions for its improvement offered.

8. **Principal and Agent:** PRIVATE RESTRICTIONS ON AGENT'S AUTHORITY: INSTRUCTION. It was error in this case to refuse an instruction which told the jury that no private restrictions upon an agent's authority unknown to the purchaser can affect such purchaser.

*Appeal from the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED AND REMANDED.

*Peak, Yeager & Ball,* for appellant.

( 1 ) The first instruction for plaintiff is erroneous: *First.* Because it told the jury to find for plaintiff for

the amount of the note and interest, unless plaintiff warranted the mill, etc., and same was blown down by reason of the defective erection ; and, *second*, because the court, having used the word ''warranted,'' failed to define it for the information of the jury, or to tell them what facts in law would constitute warranty. Before the jury could find for defendant under this instruction, they must find both warranty and defective construction. Either was enough. It was the duty of the court to give a legal definition of the term ''warranted.'' Its failure to do so was error. *Fugate v. Carter*, 6 Mo. 267 ; *Estes v. Fry*, 22 Mo. App. 88 ; *Speak v. Dry Goods Co.*, 22 Mo. App. 122. ( 2 ) The second instruction for plaintiff contains yet more error. If ''the mill was erected with reasonable care and skill, sufficiently strong to stand all ordinary storms,'' then the jury must find for plaintiff in any of the following contingencies : *First*. If the mill was blown down by an extraordinary storm ; *second*, or by reason of water standing around where it was erected; *third*, or by reason of defective posts furnished by defendant without any fault on the part of plaintiff's agent. *Hayner v. Churchill*, 29 Mo. App. 682 ; *Evans v. Railroad*, 16 Mo. App. 522. The second contingency above noted, as to water standing around the mill being the cause of its destruction, is wholly without evidence to support it. *Musick v. Railroad*, 57 Mo. 134 ; *Pipkin v. Haucke*, 15 Mo. App. 373. ( 3 ) Instruction, numbered 7, for defendant, or some instruction defining warranty should have been given. Authorities *supra*, point 2 ; *Graff v. Foster*, 67 Mo. 520. Instruction, numbered 8, for defendant submitted the most vital issue in the case, was the law, and should have been given. *Brownfield v. Ins. Co.*, 26 Mo. App. 398 ; *Hayner v. Churchill*, 29 Mo. App. 676.

*Hale & Son*, for respondent.

( 1 ) Appellant complains of the giving by the court below of instructions, numbered 1 and 2, on the part of

plaintiff.   The case of *Fugate v. Carter*, 6 Mo. 267, sim-
ply holds that questions of law should not be referred
by the court to the jury.   We think also the case of *Estes
v. Fry*, 22 Mo. App. 88, cited by appellant, is an author-
ity in our favor.   So also the case of *Speak v. Dry Goods
Co.*, 22 Mo. App. 122.   The word "warranted" as used
in the first instruction has a well-understood meaning,
and required no definition by the court.   Nor was it
necessary to tell them what facts in law would consti-
tute a warranty.   This would open too wide a field for
the court.   The first and second instructions referred to
were drawn to cover the warranty set up in the answer.
The cases of *Hayner v. Churchill*, 29 Mo. 682, and
*Evans v. Railroad*, 16 Mo. 522, have no bearing on the
case at bar.   (2)  There is evidence to support the
proposition that water stood around the "mill."  There
are no conceded facts in this case except such as are
conceded by the pleadings.   Cases of *Musick v. Rail-
road*, 57 Mo. 134, and *Pipkin v. Haucke*, 15 Mo. App. 373,
simply announce the proposition, which is not disputed,
that an instruction not based on evidence should not be
given.   (3)  The seventh instruction asked by defend-
ant below was properly refused.   The whole case made
by defendant, both in his answer and in the testimony,
was covered by the first five instructions given at his
instance.   (4)  The eighth instruction should not have
been given for several reasons.   *Graff v. Foster*, 67 Mo.
529, cited by appellants, sustains our position in regard
to the refusal of the seventh and eighth instructions.
The instructions given on both sides, taken together,
present all the issues made by the pleadings, and this is
sufficient.   *Hayner v. Churchill*, 29 Mo. 676, cited by
appellant.

SMITH, P. J.—This was a suit on a promissory note
executed by David Ball, who has since died, to plaintiff,
for the sum of $72.50, and due twelve months after
the date thereof.   Defendant's answer is as follows:

"Defendant, for his answer to plaintiff's petition, herein denies each and every allegation therein, except as hereinafter specifically admitted; and for further answer and defense defendant states that he made the note described in plaintiff's petition herein, and that said note was wholly without consideration, and that said note was given as and for the purchase price of, and delivery and erection of, in a skilful and workmanlike manner, one windmill, and agreed that said windmill would stand satisfactorily when erected, and would not fall down by reason of negligence, defect or carelessness in the manner of erecting said windmill. And that said windmill would not blow down from any storm that did not blow down permanent structures. Defendant further states that plaintiff delivered and erected said windmill, and that said windmill was erected by said plaintiff in a careless and unworkmanlike and negligent manner, and as a result and by reason of said negligent, careless and unworkmanlike manner in which said mill was erected by plaintiff the said windmill fell down, and not as the result of any storm that did blow down permanent structures, soon after it had been erected, as aforesaid, and of which fact plaintiff received notice; and while plaintiff was erecting said windmill this defendant objected to the manner in which it was being erected by plaintiff; that thereupon plaintiff stated to defendant that it would stand and work satisfactorily, and that it was guaranteed to stand and work satisfactorily; that thereupon this defendant executed the note described in plaintiff's petition upon the condition and consideration aforesaid, and defendant further states that said windmill had been of no use or benefit to him since the erection thereof, and that the whole consideration of said note has failed, and the destruction of said windmill was caused wholly by the negligence of plaintiff's agent in erecting the same as aforesaid, and by reason thereof the defendant has been deprived

of the úse and benefit of said mill, and has been damaged in an amount of said note and interest," etc. The replication was a general denial. The evidence and instructions will be noticed further on. The plaintiff had judgment and the defendant appealed.

I.  It will be perceived that the answer of the defendant puts the defense on two grounds, *first*, a breach of the warranty therein alleged, and, *second*, the negligent erection of the mill by the plaintiff. The principal complaint here made by the appealing defendant arises out of the action of the circuit court in giving instructions, numbered 1 and 2, for plaintiff, and in refusing numbers 7 and 8 asked by defendant.

The first instruction given for the plaintiff told the jury that the execution of the note being admitted they should find for the plaintiff the amount and interest thereon, unless they further find that at the date of the execution of the note the plaintiff warranted the mill or its manner of construction and putting up, and that the same was blown down by reason of the defective erection or manner of putting up the same. The defendant contends this instruction is erroneous, *first*, because it required the jury to find for plaintiff unless it found plaintiff warranted the mill and that the same was blown down by reason of defective erection, and, *second*, because the court did not define the word, warranted, or tell them what facts would constitute a warranty. As to the first of these objections, it is sufficient to say that, if the theory which it presented for the consideration of the jury was erroneous, a like error is to be found in the first instruction asked by the defendant, and given by the court. *Communis error facit jus.*

And as to the second ground of objection, it may be remarked that in the sales of personal property a warranty has been defined to be an express or implied statement of something which a party undertakes shall

be part of the contract, and, though part of the contract, collateral to the express object of it. Benj. on Sales, 600. So that the term, "warranty," is a technical one, and it may be said, without any reflection, that no court would be justified in presuming that the signification of this term, where employed in an instruction, is well understood by the average juror. It, therefore, seems that the circuit court should have defined by an instruction this term and then have told the jury further what were the essential facts to be found under the pleadings to constitute a warranty so defined. *Proctor v. Loomis,* 35 Mo. App. 482; *McGinnis v. Railroad,* 21 Mo. App. 399. The instruction under consideration was so framed as to either embarrass and confuse or mislead the jury, and was, therefore, improperly given.

II. The second instruction given for the plaintiff told the jury that " if the mill was erected with reasonable care and skill, sufficiently strong to stand all ordinary storms, and that the same was blown down by an extraordinary storm or by reason of water standing around where said mill was erected, or by reason of defective posts furnished by defendant without fault on part of plaintiff's agent, the jury will find for plaintiff." The defendant contends that the instruction is based upon facts of which there is no evidence. Upon a close examination of the record we have been unable to find the slightest evidence to warrant the assumption of the instruction that at the time the mill blew down that water was standing around where it was erected, or that defective posts were furnished by defendant for the erection of the mill. The evidence showed the ground where the mill was erected was overflowed about the middle of June, and the storm which blew down the mill occurred on the ninth day of August. The only evidence as to the condition of the ground at the time the mill fell down was that " it was hard and dry." The posts on which the mill was erected pulled loose

from the anchors, which were left in the ground where they had been placed. The ground was hard gumbo and clay. There was evidence that defendant furnished the posts and anchors used in connection therewith, but no evidence whatever was offered tending to show that the posts were defective. The instruction, if otherwise unobjectionable, had no evidence, as we have seen, on which to rest, and, for that reason, should have been refused. *Gerren v. Railroad*, 60 Mo. 405 ; *Musick v. Railroad*, 57 Mo. 134; *Peck v. Richey*, 66 Mo. 114; *Pipkin v. Haucke*, 15 Mo. App. 373. If the plaintiff erected the mill in question with reasonable care and skill and the same was destroyed by a cyclone, earthquake, by lightning or by any other natural cause disconnected with any fault or negligence of the plaintiff, it is likely it would not be answerable for the destruction of the mill. The jury should have been left under proper instructions to have determined whether the destruction of the mill was caused by the negligence of the plaintiff or by a storm of such violence as to be called the act of God—*vis divina*—making it practically impossible for the mill to resist it. If attributable to the first cause, then the defense would be sustained, and if to the latter it would fail.

Though no such question has been made here, we are inclined to think that, under the code as it now exists in this state, the facts relied on in the instruction should have been set forth in the replication. The plaintiff by merely denying the allegations of the defendant's answer could only try such questions of fact as were necessary to sustain the defendant's case. The rule is that, whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out according to the statute in ordinary and concise language, else he will be precluded from giving evidence of it upon the trial. An affirmative defense should be clearly and distinctly set forth.

*Northrup v. Ins. Co.*, 47 Mo. 435 ; *Musser v. Adaler*, 86 Mo. 445 ; *Donovan v. Railroad*, 89 Mo. 147 ; *Rees v. Garth*, 36 Mo. App. 641. This rule is applicable to the pleading in this case for the reason that the answer is analogous to a petition grounded on negligence—the replication thereto corresponding to the answer in such a case. The plaintiff's second instruction was based on a defense not raised in the replication, and was, therefore, improper. *Storms v. White*, 23 Mo. App. 31 ; *Laramore v. Legg*, 23 Mo. App. 645 ; *Glass v. Gelvin*, 80 Mo. 457 ; *Mossman v. Bender*, 80 Mo. 579 ; *Melvin v. Railroad*, 89 Mo. 106.

III. As to the seventh instruction, which told the jury to constitute a warranty it was not necessary that the word, "warranty," or any particular word should be used in the contract, but if they believed from the evidence that expressions were used by plaintiff from *which defendant had reasonable ground to suppose a warranty was intended from the plaintiff and that he did so suppose*, and in making the purchase relied upon such supposed warranty, the jury should find there was a warranty in fact,—this instruction is not quite accurate. It does not meet the requirements of the rule laid down by the supreme court in *Carter v. Black*, 46 Mo. 385, and in *Barker v. Scudder*, 56 Mo. 272. With the correction that a perusal of these cases will suggest, the instruction would be well enough.

IV. The defendant's eighth instruction, which was refused, which told the jury that no private restrictions upon an agent's authority unknown to the purchaser can affect such purchaser, etc., should have been given. It asserted a correct rule in respect to the power of agents in such cases. *Brownfield v. Ins. Co.*, 26 Mo. App. 398 ; *Hayner v. Churchill*, 29 Mo. App. 676. It results from these observations that the judgment will be reversed and the cause remanded. All concur.