Noyes, Norman & Co. v. Cunningham.

Noyes, Norman & Co., Appellants, v. Jonathan R. Cunningham *et al.*, Respondents.

Kansas City Court of Appeals, November 14, 1892.

1. **Attachment:** INTENTION: BURDEN OF PROOF: INSTRUCTION. To sustain an attachment under the eighth clause of section 521, Revised Statutes, 1889, the burden is upon the plaintiff to show that the defendant has fraudulently concealed, removed or disposed of his property so as to hinder or delay his creditors; but he does not have to show in addition that the debtor's intention was to delay or hinder his creditors, and an instruction imposing that burden upon him is erroneous.

2. **Practice, Appellate:** INVITED ERROR. An appellant cannot complain of an error invited by himself.

3. **Attachment:** FRAUDULENT AS TO PLAINTIFF OR OTHER CREDITORS: INSTRUCTION. In an attachment case an instruction directing the finding of the issue for the defendant unless the jury believed his disposition of his property was fraudulent against plaintiff is error, as it is sufficient if such disposition is fraudulent as to any one of defendant's creditors.

4. **Practice, Trial:** INSTRUCTION COMMENTING ON EVIDENCE. An instruction as to the validity of a sale summarized in the opinion is condemned as a comment on the evidence.

5. ————: INSTRUCTION GIVING FACT UNDUE PROMINENCE. An instruction, singling out and giving prominence to a fact proven, is rightly refused.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Hicklin & Yates,* for appellants.

(1) The instruction closes outside of the law and issues in the case, by engrafting an intention of hindering or delaying creditors, while a fraudulent transfer of the goods so as to hinder or delay creditors is enough. (2) Instruction 6 is a comment on the testimony in an aggravated form. *State v. Sivils,* 105 Mo. 534–5, and cases there cited; *Weil v. Schwartz,* 21 Mo. App. 382; *Jones v. Jones,* 57 Mo. 142. (3) In any case where a party is making fraudulent disposition of his property so as to hinder or delay any of his creditors, any of them have a right to attach, and don't have to stand off 'till they are morally certain that they will be reached by the effects of the fraud. *Enders v. Richards,* 33 Mo. 600.

*Alexander & Richardson* and *Gillihan & Brosius,* for respondents.

SMITH, P. J.—This was an action of attachment grounded upon the eighth clause of section 521, Revised Statutes. The defendants had judgment, and the plaintiffs appealed. The plaintiffs principally complain here of the action of the trial court in respect to the giving and refusing of instructions. The fifth instruction given for the defendants told the jury that the possession of the goods by defendant, W. H. Cunningham, was prima facie evidence of ownership by him, and put the

burden of proof on plaintiffs to show that the transfer was wrongful and fraudulent as against *plaintiffs*, and was made with the *intention* of hindering and delaying the creditors of Jonathan R. Cunningham. This was an erroneous declaration of law. The burden devolved upon the plaintiffs to show that the defendants had fraudulently concealed, removed or disposed of their property so as to hinder or delay their creditors. It was unnecessary for the plaintiffs to prove more than they were required to swear to in their affidavit for the attachment. They were not required, by the clause upon which they founded their attachment, to swear that the fraudulent disposition made by defendants of their property was with the *intention* of hindering or delaying their creditors. The element of intention is not embraced in the ground of attachment provided by that clause of the statute. The instruction imposed upon the plaintiffs the burden of proving a fact that was neither alleged nor required by the law to be proved. It was palpably erroneous. *Reed v. Pelletier*, 28 Mo. 175; *Douglass v. Cissna*, 17 Mo. App. 44.

A similar error is, however, contained in the plaintiff's second instruction which was given by the court. The plaintiffs having themselves invited the error are, therefore, in no situation to complain of it. *Herman v. Owen*, 42 Mo. App. 387; *Flint-Walling Mfg. Co. v. Ball*, 43 Mo. App. 504.

It is further objected that this instruction is erroneous in requiring the plaintiffs to prove that the defendants' disposition of their property was fraudulent against the *plaintiffs*. The statute imposed no such burden upon the plaintiffs. If the disposition by defendants of their property was fraudulent against any one of their creditors, this was sufficient to authorize the attachment. The plaintiffs' second instruction accords in its enunciation of the rule of law with the

view just stated by us. Under the defendants' instruction the jury were directed, in effect, to find the issue for the defendants, unless they believed that the defendants' disposition of their property was fraudulent against plaintiffs, while plaintiffs' instruction told the jury that it was sufficient if the defendants' disposition of their property was fraudulent as against any one of their creditors. Though the jury may have found from the evidence that the defendants had fraudulently disposed of their property so as to hinder and delay a creditor or creditors of defendants other than the plaintiffs, yet, under the defendants' instruction, unless they further found that the disposition so made was fraudulent against plaintiffs, they were required to find for defendants. This restriction was erroneous and calculated to mislead the jury to the defendants' prejudice, and constitutes reversible error.

It is further contended that the defendants' sixth instruction, in effect, told the jury that it was not necessary, to make the sale of the goods valid, that the purchaser should have the money to pay for the same, and that it was perfectly competent for the seller to sell the goods on a credit, either in whole or in part, if the sale was made in good faith and with no intention on the part of the seller participated in by the purchasers to hinder, delay or defraud the creditors of the seller. This instruction is obnoxious to the objection that it is a comment on the evidence. The defendants' other unexceptionable instructions were sufficiently comprehensive to cover every aspect of the case so far as the defendants were concerned, so that this instruction was unnecessary in any view of the case, and should not have been given.

The plaintiffs further contend that the court erred in refusing to give for them an instruction which directed the jury that they should take into considera-

tion the financial condition of the defendants with all the other facts and circumstances in evidence.

A fact which the evidence conduced to establish was thus singled out and given undue prominence, which was improper, and for that reason was rightfully refused. *Weil v. Schwartz*, 21 Mo. App. 372; *Jones v. Jones*, 57 Mo. 138; *Forrester v. Moore*, 77 Mo. 651; *Rothschild v. Ins. Co.*, 62 Mo. 356; *Raysdon v. Trumbo*, 52 Mo. 35.

In respect to the action of the court in rejecting certain offers of evidence made by defendants, we may say, that we are inclined to think that the alleged admissions of defendants to witness Galbreath should have been received in evidence. With these exceptions the case seems to have been well enough tried.

The judgment must be reversed, and the cause remanded. All concur.