J. A. HEWITT, Appellant, v. S. C. PRICE et al., Respondents.

### Kansas City Court of Appeals, May 11, 1903.

1. **Appellate Practice: INSTRUCTIONS: INVITED ERROR.** Where the error in the instructions is common and invited by the appellant, he is in no situation to complain of the action of the trial court.

2. **Fraudulent Conveyances: TO PAY DEBTS: INSTRUCTION.** An instruction telling the jury that if defendant conveyed any of his property to his wife for the purpose of repaying moneys received from her, the attachment must fail, is necessarily faulty and vicious.

3. ———: ———: **VOLUNTARY.** A conveyance to wife and daughters without any consideration to the latter is voluntary as to them and serves to hinder and delay creditors when a grantor has stripped himself of all his property, and the above mentioned instruction is inapplicable to such a case.

4. ———: **ATTACHMENT: INTENT: DELAYING CREDITORS.** Intent is not an ingredient whose presence is required by the attachment statute and when the conveyance hinders and delays creditors, fraud exists without intent.

5. **Trial Practice: INSTRUCTION: ABSTRACTION.** It is better to omit from instructions mere abstract declarations of law as they are calculated to mislead.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds*, Judge.

REVERSED AND REMANDED.

*S. W. Moore* and *H. S. Miller* for appellant.

(1) The court erred in giving instruction number 3, at the request of defendants. 14 Am. and Eng. Ency. Law (2 Ed.), 242, 300; 3 Am. and Eng. Ency. Law (2 Ed.), 201; Bump on Fraud. Conv. (4 Ed.), 41-43, secs. 54, 56; Chamley v. Lord Dusany, 2 Sch. & Lef. 690; Bank v. Lumber Co., 59 Mo. App. 317; Bank v.

Lumber Co., 134 Mo. 432; Bank v. Lumber Co., 68 Mo. App. 81; Reed v. Pelletier, 28 Mo. 173; Burgert v. Borchert, 59 Mo. 80; Potter v. McDowell, 31 Mo. 62; Benne v. Schnecko, 100 Mo. 250; Gruder v. Bowles, 2 Am. Dec. 665; Huffman v. Nixon, 152 Mo. 303; Edmonds v. Mister, 58 Miss. 765; Beecher v. Clark, 12 Blatch. 256; Fox v. Moyer, 54 N. Y. 125; Harding v. Elliott, 91 Hun (N. Y.) 502; Wilson v. Spear, 68 Vt. 145; Wadsworth v. Williams, 100 Mass. 126; Hager v. Schindler, 29 Calif. 47; Bottsford v. Beers, 11 Conn. 369; Gormley v. Potter, 29 Oh. St. 597; Jackson v. Lachland, 67 Mo. 609; Chipman v. Leath, 60 Mo. App. 15; Birtwhistle v. Woodward, 95 Mo. 113; Griffith v. Conway, 45 Mo. App. 574; Greeley v. McNabb, 13 Mo. 596; Wein v. State, 14 Mo. 125; Bank v. Russey, 74 Mo. App. 651.    (2)    The court erred in giving instruction No. 4, at the request of defendants.    14 Am. and Eng. Ency. Law (2 Ed.), 243, 246; Bump on Fraud. Conv. (4 Ed.), secs. 172, 173; Fink v. Algermissen, 25 Mo. App. 186; Johnson v. Sullivan, 23 Mo. 474; Henderson v. Henderson, 55 Mo. 534; Burgert v. Borchert, 59 Mo. 80; Christian v. Smith, 85 Mo. App. 117; State ex rel. v. Purcell, 131 Mo. 312; McNichols v. Richter, 13 Mo. App. 515; State ex rel. v. Mason, 112 Mo. 374; Spohn v. Railway Co., 87 Mo. 82; Bank v. Murdock, 62 Mo. 73; Gens & Trede v. Hargadine, 56 Mo. App. 249; State v. O'Neil, 151 Mo. 85; National, etc., Works v. Ring, etc., Co., 118 Mo. 365; Taylor v. Meyers, 34 Mo. 81; Glacier v. Walker, 69 Mo. App. 291.

*Cole, Burnett & Moore* for respondents.

(1)  Defendants' instruction No. 3 properly declared the law.  A voluntary conveyance by a solvent debtor is not a cause for attachment.  Glacier v. Walker, 69 Mo. App. 288; Bank v. Lumber Co., 59 Mo. App. 317; Lane v. Kingsbury, 11 Mo. 402; Taylor v. Hull, 56 Hun 90, 9 N. Y. Supp. 140; Windhaus v. Bootz,

25 Pac. (Cal.) 404; Baker v. Welch, 4 Mo. 484; Teth-
erow v. Railroad, 98 Mo. 74; Davis v. Brown, 67 Mo.
313; Harrington v. Sedalia, 98 Mo. 583; Soldanels v.
Railway, 23 Mo. App. 516; Noble v. Blount, 77 Mo.
235; Schooler v. Schooler, 18 Mo. App. 69; Easley v.
Railroad, 113 Mo. App. 236; Meade v. Railroad, 68 Mo.
App. 92; Voegett v. Pickle Marble & Granite Co., 56
Mo. App. 678; Dewese v. Meramec Iron Mining Co.,
128 Mo. 423; Posch v. Railway, 76 Mo. App. 601; State
v. Cochran, 147 Mo. 504.    (2)    Defendant's instruction
No. 4 properly declared the law.    Coal Co. v. Stevens,
74 Mo. App. 39; Saddlery Co. v. Urner, 24 Mo. App.
534; Mitchell v. Bradstreet Co., 116 Mo. 226; Quirk v.
Elevator Co., 126 Mo. 279.

SMITH, P. J.—This is an action of attachment
the ground of which was that the defendants "had
fraudulently conveyed and assigned their property and
effects so as to hinder and delay their creditors."    The
issue made by the plea in abatement was submitted to a
jury whose verdict was for the defendants, and from
the judgment thereon this appeal was prosecuted.

The errors assigned by the plaintiff relate to the
action of the court in the giving of certain instructions
for defendants.    The first of these, the third in the de-
fendants' series, declared to the jury that "the defend-
ant, S. C. Price, had the right to make a voluntary con-
veyance of his property, if at the time of making it he
still had ample means left for the payment of his then
existing obligations."    It is a sufficient answer to this
complaint of plaintiff that the court gave for him his
first instruction which was, in substance, the converse
of that given for defendant; so that if there is any error
in the latter it was common and invited by the plaintiff.
And he is therefore in no situation to complain of the
action of the court as to the giving of this instruction
for defendant.    Noyes v. Cunningham, 51 Mo. App. l. c.

196; Herman v. Owen, 42 Mo. App. 387; Flint v. Ball, 43 Mo. App. 504.

The plaintiff further complains of the action of the court in giving the defendant's fourth, which declared to the jury that, "if it shall find from the evidence that the defendant conveyed *any property* for the purpose of repaying moneys received from his wife, then that fact will not justify the jury in finding against the defendant, although the jury shall believe that the effect of such conveyance or conveyances was to hinder and delay other creditors of the said S. C. Price, in the collection of their debts if the jury find there were any such creditors."

The note sued on was dated July 30, 1891, for $940, bearing interest at eight per cent per annum. In August, 1898, a credit of $364.30 was entered thereon. This suit was brought August 9, 1899. In 1895 the defendant, S. C. Price, owned considerable real estate in Jasper county, Missouri, consisting of land and town lots, the value of which then was from fifteen to twenty thousand dollars, but at the time this suit was brought of more than double the latter value. In the last-named year said S. C. Price made a voluntary conveyance of certain lots in Joplin, on which property a hotel was situate, to Mr. Chew, his brother-in-law, and immediately thereafter the latter made a like voluntary conveyance of said property to the wife and two daughters of his grantor. In both of these conveyances the consideration recited was $13,000, but it was shown that this was a fiction—a false recital. The said defendant, S. C. Price, about the same time also made a further voluntary conveyance of a certain tract of land to his brother, W. S. Price, who shortly thereafter made a like conveyance of it to Evangeline Price—a daughter of defendant S. C. Price. Said defendant S. C. Price at the time of the conveyance of these lands and lots owned between three and four thousand dollars, the greater portion of which was secured by deeds of trust

on the hotel lots. The note sued on was secured by a deed of trust on his one-half interest in a tract of land in Newton county. This land was in 1898 sold under the deed of trust and brought the amount of $360.30— the credit on the note.

In 1889 the wife and daughters of the defendant S. C. Price conveyed all of said lands and lots to the Burnett Hotel Company — a corporation — for which there was issued to them 1,198 shares of the 1,200 of the capital stock of the corporation—the defendant S. C. Price and Mr. Chew each holding one share.

There was some evidence—by no means clear, explicit, or satisfactory—tending to prove that at some time or other Mrs. Price had loaned her husband, the defendant, S. C. Price, something like about three thousand dollars which was used by him in his business ventures, and that the said conveyances of property made to her through her brother, Mr. Chew, was in payment for such loan. It does not appear that there was any valuable consideration whatever for the conveyances to the daughters, or either of them. It should have been previously stated that defendant S. C. Price by said several conveyances stript himself of everything he owned except real and personal property not exceeding in value five hundred and fifty dollars.

The defendant's fourth instruction already quoted declared in substance that if the defendant, S. C. Price, conveyed *any property* for the purpose of repaying moneys received from his wife, that the attachment must fail even though the effect of such conveyance was to hinder and delay other creditors, and this without regard to the value of the property. While it may be taken as conceded, as the defendants contend, that a debtor may convey his property in the ordinary course of business at a fair valuation for the purpose of paying his honest debts, no difference to whom due, yet it has never been held by any court, as far as we are advised, that a debtor can convey away his property to

Hewitt v. Price.

pay a debt without reference to its value, whether great or small, or whether in disproportion to the debt or not. Under this instruction the jury was authorized to find the issue for the defendants if it believed from the evidence that the defendant, S. C. Price, conveyed any property, in value however *great* to pay a debt however *small*. If this instruction correctly expresses the law, then one who owes ten thousand dollars and owns property of a like value, may convey the whole of it in payment of a creditor holding a small part of such indebtedness, and in that way effectually hinder and delay his other creditors. An instruction containing such a direction is necessarily faulty and vicious. McNichols v. Rubleman, 13 Mo. App. 1. c. 520; Potter v. McDowall, 31 Mo. 1. c. 75.

Again, even if the conveyances to defendant S. C. Price's daughters were for two-thirds of his property, and were wholly voluntary and were fraudulent, and had the effect to hinder and delay his creditors, yet under the said instruction if he conveyed any part of his entire property in payment of a debt due his wife, the jury were required to find the issue for the defendants. According to the theory of this instruction, if he conveyed any part of his property to his wife in payment of a debt owing her, it was of no consequence even if he did convey the greater part of his property to his daughters without any valuable consideration, or that he thereby hindered and delayed his other creditors.

The issue was, whether the defendants had fraudulently conveyed their property so as to hinder and delay their creditors. If the effect or result of the conveyances was to hinder and delay the creditors of the defendants, this was sufficient to sustain the affirmative of that issue without reference to the intent in making such conveyances. Intent is not an ingredient whose presence is required by the attachment statute. A fraud can exist without an intent. Reed v. Pelletier, 28 Mo. 173; State ex rel. v. O'Neill, 151 Mo. 1. c. 85; Noyes

v. Cunningham, 51 Mo. App. 194; Gens & Tiede v. Hargadine Co., 56 Mo. App. 249; Douglas v. Cissna, 17 Mo. App. 1. c. 64.

As the judgment will be reversed and cause remanded on account of the error in the defendant's said fourth instruction, it may without impropriety be suggested that at another trial it would be better to omit from the instructions mere abstract declarations of law, as the same are calculated to mislead the jury. Judgment reversed and cause remanded. All concur.