## MANN v. WILLIAMSON, *Appellant*.

**Fences:** DAMAGE TO CROPS BY CATTLE. No action can be maintained for damage to crops by cattle trespassing, unless the field in which the crops are grown is inclosed with such a fence as is prescribed by section 2, Wag. Stat., page 706.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

This was an action for damages done to plaintiff's crops by defendant's cattle. Defendant did not deny the damage, but alleged that the fence inclosing plaintiff's field was not a lawful fence, whereby the cattle broke in,

The evidence tended to show that the fence consisted of posts and plank to the height of about four feet, over which were placed stakes with rails for riders, so as to raise the fence to the total height of five feet ten inches.

*Comingo & Slover* for appellant.

*Buchanan* and *Gates & Wallace* for respondent.

NAPTON, J.—This is an action brought originally before a justice of the peace under our statute concerning inclosures. 1 Wag. Stat., ch. 71, p. 706. The plaintiff had a verdict before the justice from a jury of six men, and afterwards a similar verdict from a jury of twelve, in the special law and equity court of Jackson county. There is no controversy that the instructions were right. The only point made is, that there was no evidence to sustain the verdict and judgment, and we think this point is well taken. There was no conflict in the evidence in regard to the height of the fence. All the witnesses concur that the fence, which was a post and plank one, was not four and a half feet high, and this is the height required by the statute under which the action was brought. The plaintiff himself refuses to say anything on this point, and all the other witnesses on both sides testify that there were portions of the fence only three feet eight inches high, to say nothing of various other deficiencies. The statute, whether wisely or unwisely, (and the jurors in this case seem to have thought it an unwise provision,) fixes the height at four and a half feet. We should certainly decline to interfere in this case had there been any conflict in the evidence, but it was all one way, and neither courts nor juries can disregard a plain requirement of the statute, however unwise both may consider it. The judgment must be reversed. The other judges concur, except Judge NORTON.