ARTHUR STORMS, Respondent, v. N. M. WHITE, Appellant.

### Kansas City Court of Appeals, June 28, 1886.

1. CATTLE—TAKING UP OF UNDER THE STATUTE—CONSTRUCTION OF SECTION 7333, REVISED STATUTES.—In order to justify the taking up and posting of cattle under the stray law (sect. 7333, Rev. Stat.), it must be pleaded and shown by the evidence, that they had broken over or through a lawful fence ; and, without this proof, plaintiff in an action of replevin for the cattle so taken up and posted, was entitled to a judgment on proof of ownership of the cattle.

2. PRACTICE — PLEADINGS — ISSUES — INSTRUCTIONS.— Where instructions present questions outside of the issues tendered by the pleadings, they should be refused. Parties can only try the case presented in their pleadings.

APPEAL from Carroll Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

The case is stated in the opinion.

HALE & SONS, for the appellant.

I. The refusal of instructions asked by defendant was erroneous. They complied, substantially, with all the requirements of the stray law. Rev. Stat., sects. 7333–7336.

II. The law presumes that every man has a lawful fence around his field. Since this is the requirement of the law, the burden of proof is not on defendant to show it.

III. The jury were not told to find the value of the property, nor were they told to find defendant's interest in the property. Both of these are necessary. *Mix v. Kepner*, 81 Mo. 96.

IV. The instructions given for plaintiff amounted to a demurrer to the evidence, and took the case away from the jury.

JAS. F. GRAHAM and L. H. WATERS, for the respondent.

I. The court committed no error in giving plaintiff's instructions. When defendant relied upon the provisions of the "stray law" to justify his detention of plaintiff's cattle, he was required to prove such state of facts as would bring him within the statute. The only interest defendant had, or could have had, in the cattle, depended upon the fact, whether they "broke" into his inclosure through a "lawful fence." In *Mix v. Kepner* (81 Mo. 93), "the property was found to be in the possession of plaintiff" while the "title was found to be in defendant;" such, also, was in the case of *Chapman v. Kerr* (80 Mo. 158).

II. Defendant's instructions, except the *first* (which was given), were properly *refused*. There *was no* evidence to warrant them, nor was there any issue under which such evidence could have been introduced.

PHILIPS, P. J,—This is an action of replevin. Petition in the usual form. Under the order issued thereon, the sheriff took and delivered the property to plaintiff. The answer pleaded the general issue, and then pleaded specially that defendant was in possession of the cattle in controversy, and that defendant had taken the cattle up, and held them under the stray law; that said cattle

had broken into the premises of defendant, inclosed with a lawful fence; whereupon the defendant proceeded to give the notice, as provided by statute, preparatory to posting said animals as strays. The reply tendered the general issue.

The bill of exceptions recites. as stated in appellant's abstract, that: "The evidence on the part of plaintiff tended to prove his ownership of the property in question, and damages to the amount of one hundred dollars, and that defendant owned land on each side of plaintiff's pasture, from which the stock strayed; that the fence between the lands of plaintiff and defendant was not a lawful fence as required by law.

"The evidence offered by defendant tended to prove the allegations in the answer, except as to lawful fence."

The only evidence set out in the abstract, furnished this court, relates to the giving of the notice. Verdict and judgment for plaintiff; from which defendant as appealed.

I.   The only errors complained of arise on the action of the court in giving and refusing instructions. The first instruction given for plaintiff, told the jury that if they found from the evidence that the cattle in controversy belonged to the plaintiff, they should find for him, unless they further found from the evidence that they were taken up by defendant on his premises, inclosed with a lawful fence. In which latter event they would find for the plaintiff as to the cattle, and for defendant as to costs of suit.

It may be as well here to observe that it is manifest from this and other instructions given by the court, that the issue was fairly and squarely submitted to the jury as to whether the premises of defendant. where the cattle seemed to be conceded to have been taken up by defendant, were enclosed with a lawful fence. As the jury found the issues for plaintiff, without saying anything in their verdict about the costs, it is manifest that they

found against the defendant respecting the lawfulness of his fence. So that it is unnecessary to consider the correctness or incorrectness of that part of the instruction concerning the costs.

The second instruction presents the proposition that defendant had no right to take up said cattle on his premises, unless they were inclosed with a lawful fence. This instruction is unobjectionable under the issue tendered by defendant. His sole justification, as pleaded in his answer, is based on section 7333, Revised Statutes, which gave the defendant the right to post the cattle, provided they "shall have broken over or through a lawful fence." As defendant undertook to justify under this statute, it devolved upon him, as the very foundation of his right, to prove that he had a lawful fence. Without this proof, plaintiff was entitled to a judgment on proof of ownership of the cattle.

The only other instruction given for plaintiff, not already covered, is one to the effect, that no demand was necessary in this case before the institution of suit, if defendant wrongfully took possession of the property. We see no objection to this declaration of law, especially when defendant has not pleaded the want of any demand.

II. The instructions refused by the court, as asked by the defendant, were properly refused. They present questions outside of the issues tendered in the answer. One or more, for instance, is predicated upon the existence of a partition fence between plaintiff and defendant being down and in a broken condition, and the plaintiff turning his cattle in the enclosure, to escape through the fence. No such issue is presented in the answer, and if there had been, there is no evidence presented in the record before us to justify or support such an instruction. Parties can only try the case presented in their pleadings.

III. Counsel for defendant make some question as to the court not directing the jury to find the value of

the cattle separate from the amount of damages for the taking and detention. As the plaintiff was already in possession of his property, and the issue of ownership was found for him, the defendant is not injured by the failure to have a finding as to its value. The jury assessed the damages at twenty-three dollars ; and as the evidence showed plaintiff's damage to be one hundred dollars, we cannot see any ground of complaint for which the verdict should be interrupted.

The other judges concurring, the judgment of the circuit court is affirmed.