JOHN MACKLER, Respondent, v. ADAM SCHUSTER, Appellant.

Kansas City Court of Appeals, February 1, 1897.

1. **Animals:** TRESPASS: CONVERSION: FENCES. In an action for the conversion of a hog where the defendant justified his possession by the trespass of the hog on his premises, he must show that his fence was lawful or that the hog was illegally at large, otherwise an intention to post will not protect him.

2. **Appellate and Trial Practice:** FORMER SUIT: OBJECTION BELOW. An objection that plaintiff had elected another remedy by a former suit should be made at or before the trial and not in the appellate court.

*Appeal from the Cooper Circuit Court.*—HON. H. A. HUTCHISON, Special Judge.

AFFIRMED.

*W. G. Pendleton* and *John Cosgrove* for appellant.

(1) Appellant was not a "wrongdoer" in restraining respondent's hog from running at large on his premises. He had three days after restraining said hog in which to give notice to the owner thereof. Sec. 354, R. S. 1889. A party may steal an animal before it is posted. *State v. Casteel*, 53 Mo. 124. (2) The respondent had no complete right to the possession of the hog. Appellant had a right to hold it till his damages were paid, and that gave him the right to restrain it. Respondent must, at the time of the conversion, have had a complete property in the hog, either special or general, and not having had that complete property he can not maintain this suit. 4 Am. and Eng. Ency. of Law, 117. (3) If appellant's possession or custody was not tortious or wrongful, conversion will not lie

unless there was an unwarranted assumption of control over the hog. *Walsh v. Sickler*, 20 Mo. App. 374; *Allen v. McMonagle*, 77 Mo. 480; *Williams v. Hall*, 60 Mo. 318; *Tobin v. Deal*, 60 Wis. 87. (4) The respondent elected to pursue his remedy by replevin, and having so elected, he can not recover in trover or conversion until he affirmatively showed that the suit in replevin had been determined before this was commenced. *Nanson v. Jacob*, 93 Mo. 332; *Rhodes v. McNulty*, 52 Mo. App. 301, 307.

*W. M. Williams* and *J. F. Rutherford* for respondent.

(1) It stands admitted that there was evidence tending to prove that defendant "converted plaintiff's hog to his own use." It is conceded also, in the evidence, that the defendant, against the protest of plaintiff's son, put the hog up in his pen. This, in the absence of some right on defendant's part to the possession of the animal, amounts to a conversion, and authorizes a recovery by the plaintiff. *Allen v. McMonagle*, 77 Mo. 478; *Warnick v. Baker*, 42 Mo. App. 439. (2) It does not appear that defendant had any right to retain possession of the hog. There is nothing in the record to show that the law restraining animals from running at large was in force in Cooper county, or that section 354, Revised Statutes, 1889, cited in appellant's brief, was operative within said county. R. S. 1889, sec. 360; *White v. Brim*, 48 Mo. App. 111. (3) The defendant had no right to restrain the plaintiff's hog under the stray law. It does not appear that at the place where the hog got into defendant's premises, the same was inclosed by a lawful fence, nor did the evidence disclose that the animal entered through a partition fence. *Storms v. White*, 23 Mo. App. 31. (4)

"Conversion may be inferred from the taking of property and the neglect to return it." "One who takes possession of goods unlawfully, which are in consequence lost to the owner, is, to a certain extent, guilty of conversion." *Ireland v. Horseman*, 65 Mo. 511–513.

ELLISON, J.—This is an action for conversion of a hog alleged to be the property of plaintiff. The cause originated before a justice of the peace. On appeal to the circuit court, plaintiff obtained judgment.

The cause may be best stated and explained by inserting here the bill of exceptions:

"Plaintiff gave evidence tending to show the following state of facts, viz: That on the —— day of November, 1893, he was the owner of one black boar hog; that about said date said hog escaped from plaintiff's premises, and defendant converted said hog to his own use; that said hog came through the fence into defendant's field, and defendant drove said hog up and placed it in a pen near his house on defendant's premises; that at the time defendant drove said hog up, defendant and plaintiff's son were present where the hog had passed through the fence, and plaintiff's son requested defendant to wait until plaintiff's hired man arrived and put said hog back in plaintiff's field, but defendant refused to so wait, but drove the hog up and put it in the pen as aforesaid; that afterward, about a week or more, plaintiff sent his son with a note to defendant demanding the return of the said black boar hog, but defendant refused to hear said note read or to receive same, and said notice was not delivered; that shortly thereafter, plaintiff instituted a suit in replevin for said black boar hog, and another hog of plaintiff's which had escaped in the meantime; that the constable went to the place of defendant with said writ of replevin to serve the same upon defendant,

FACTS.

but defendant refused to hear the writ read; that on the same day said officer returned to serve said writ on defendant and made search for said hog, but failed to find the same, and failed to serve defendant with said writ. Plaintiff then showed the officer (a witness) a writ, which said officer identified as the writ he attempted to serve on defendant. Plaintiff then offered said writ in evidence. Said paper was an ordinary summons in replevin, issued by the justice of the peace before whom the suit was commenced. It described the hogs as hereinbefore set forth, and was directed to the constable of the township in which the suit was instituted, but no point is made as to its form, and by agreement of counsel it is omitted from this record.

"Plaintiff also gave evidence tending to show that said black boar hog had never been returned to him, or anyone for him, and was never recovered by him. The defendant, on his part, admitted that he took up a hog belonging to plaintiff, but claimed that it was a black and white spotted hog, and denied that he ever took up or restrained a black boar hog of plaintiff's and denied that he had ever seen said hog. Defendant offered evidence tending to prove that he found plaintiff's black and white spotted boar hog running in his pasture, which hog he took up and put in a pen, which he claimed was the same hog about which plaintiff testified; that two days thereafter he went to the justice of the peace and asked him to write a notice, with a view of posting said hog; that he took the notice and returned to his home and discovered that the hog had escaped from the pen where he had placed it; he then kept the notice which the justice had written and did not serve it upon anyone; also gave evidence tending to show that a certain black male hog, answering the description of the hog mentioned in plaintiff's complaint,

was castrated by one G. A. Cramer, a neighbor of the parties, about the time the hog mentioned in plaintiff's complaint is alleged to have been restrained by defendant. This was all the evidence.''

We are compelled on this record to affirm the judgment. In the first place, it does not appear that defendant had any right whatever to take up and restrain plaintiff's hog. He justifies here by statement and argument that the hog escaped from plaintiff's land through a partition fence into his inclosure. There is no evidence to support this. From aught that appears in the bill of exceptions, the hog may have gone from the commons through a defective fence of defendant's, into his pasture. Other matter of justification is argued by defendant showing that he had a right to take up the hog found on his premises, under the provisions of the stock law (article 2, chapter 5), but there is no evidence showing that this law was ever adopted by Cooper county.

If the hog was plaintiff's property and defendant took it into his possession and control, he must excuse himself in some way known to the law. ANIMALS: trespass: conversion: fences. The foregoing matter of defense is not justified by the record, nor is that of its being defendant's intention to post the animal. In such instance, he should have shown that it came into his premises through a lawful fence and this was not done. *Storms v. White*, 23 Mo. App. 31.

The foregoing observations lead to an affirmance of the judgment. The instruction refused for defendant was properly refused. It is based on the hypothesis of the hog trespassing on defendant's land, when, in fact, it may have gotten there on account of defendant's defective and unlawful fence.

The point is made that the bill of exceptions shows that the plaintiff elected to rely upon replevin and first

instituted an action in replevin and that
*Appellate practice: former suit: objection below.* he can not now sue for conversion without
showing some disposition of the replevin
suit. It is sufficient to say that this point was not made
during the trial and that the bill shows that the replevin
suit was never perfected by service of the writ. Defend-
ant should have interposed this objection at or before
the trial below.

With the concurrence of the other judges, the
judgment is affirmed.