## BOGGS et al. v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

### Division One, June 12, 1900.

Railroad Fence: LOSS OF HOGS: PROXIMATE CAUSE. In an action against a railroad company for hogs which escaped from plaintiff's field on to defendant's adjoining right of way through defendant's defective right of way, and were lost, it must be shown that the railroad company's failure to keep a lawful fence was the proximate cause of the loss. And in this case it is held that an admission that "at said time and place the defendant did not have upon the sides of its road fences sufficient to turn hogs" and "that plaintiff's hogs passed out of and escaped from the inclosed fields along and adjoining defendant's railroad and were thereby lost," was a concession that the defective fence was the proximate cause of the loss of the hogs.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

BRACE, P. J.—This is an action for double damages under section 2611, Revised Statutes 1889, begun before a justice of the peace in Howard county, taken thence by appeal to the Howard county circuit court, where the plaintiff had judgment for $18.40, double the value of two hogs, which escaped from plaintiff's inclosed field on to the defendant's adjoining right of way by reason of defendant's defective fence, and were lost. The case reached this court by appeal in the same manner and for the same reasons as the case of Kingsbury v. Railroad, 156 Mo. 379, in the opinion in which, all the questions raised in this case are disposed of adversely to defendant's contention, except one.

(1)   It is contended in this case, that section 2611 does not apply to a case where hogs wander off and are lost, but not killed, by reason of the defendant's failure to discharge its statutory duty, and in support of this contention Gordon v. Railroad, 44 Mo. App. 201, is cited.   To entitle a plaintiff to recover under this statute the defendant's failure to discharge its duty, must, of course, be the proximate cause of the loss.   In that case a recovery was denied the plaintiff for the loss of a steer on the ground that there was no evidence that the loss was the proximate consequence of the default of the railroad company.   But in this case it was admitted "that at said time and place the defendant did not have upon the sides of its road fences sufficient to turn hogs" and "that plaintiff's two hogs of the value of $9.20 passed out of and escaped from the inclosed and cultivated fields along and adjoining defendant's railroad and were thereby lost"—thus conceding that the loss was the proximate consequence of the default, and bringing the case within the express terms of the second alternative clause of the damage act, under which it was not necessary to show that the animals were killed by the defendant's "agents, engines or cars," as under the first. The ruling on this contention must also be against the defendant.

The judgment of the circuit court is affirmed.   All concur.