W. H. DEAL, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. **PLEADING: Railroads: Failure to Maintain Fence.** In an action against a railroad company for damages due to a deective right of way fence, where the petition alleges that the defendant failed to erect and maintain a lawful fence; *held*, that plaintiff having alleged both a failure to erect and a failure to maintain, he could recover on proof of either.

2. **DAMAGES: Railroads: Failure to Maintain Fences: Damage to Crops: Measure of Damages.** In an action against a railroad company for damages caused by hogs getting through a defective right of way fence, and destroying plaintiff's crop of corn, the measure of damages is held to be the value of the crop standing in the field at the time it was destroyed.

3. ———: ———: ———: **Question for the Jury.** In an action against the railroad company for damages for destruction of plaintiff's crop by hogs which got into plaintiff's field through a defective right of way fence, the question of the value of the

crop destroyed was for the jury, and where the verdict is supported by substantial testimony the judgment will not be disturbed.

4. **RAILROADS: Failure to Fence: Damage to Crops: Plaintiff's Knowledge of Defect Before Crop Was Planted.** Where a railroad company is sued for damages for failure to maintain a lawful right of way fence, because of which failure hogs went through the fence and destroyed plaintiff's crop of corn; *held*, that plaintiff would not be denied a recovery even if he knew at the time he planted the corn that the fence was defective and that on account thereof he could not mature his crop.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*N. A. Mozley* for appellant.

(1) The petition in this case does not state a cause of action for negligently or wilfully permitting a right of way fence once constructed to become out of repair, but does state a cause of action for failure to fence at all. Deitrich v. Railroad, 89 Mo. App. 36; Nixon v. Railroad, 141 Mo. 425, 42 S. W. 495; Rutledge v. Railroad, 78 Mo. 286; Clardy v. Railroad, 73 Mo. 576; Case v. Railroad, 75 Mo. 670; Townsley v. Railroad, 89 Mo. 31; Foster v. Railroad, 44 Mo. App. 13. (2) The measure of damages in this case is the cost of reseeding and the rental value of the land from the date of the crop destruction to the time it could have been replanted. Adam v. Railroad, 122 S. W. 1136; Standley v. Railroad, 121 Mo. App. 537; Jones v. Lake Club, 122 Mo. App. 113; Mattis v. Railroad, 138 Mo. App. 61.

*L. M. Henson* and *J. A. Gloriod* for respondent.

(1) It is not necessary to allege and prove negligence on the part of the defendant, in failing to provide and maintain sufficient fences. The question of

negligence does not enter into this kind of case. R. S. 1899, sec. 1105; Smith v. Railroad, 91 Mo. 58. (2) Instruction No. 2 given on behalf of plaintiff defines the correct rule on the measure of damages, which is the value of the crop standing in the field at the time it was destroyed. Hunt v. Railroad, 126 Mo. App. 261; Carter v. Railroad, 128 Mo. App. 57; Anderson v. Railroad, 129 Mo. App. 384.

COX, J.—Action for double damages alleged to have been caused by hogs getting into the field of plaintiff through a defective right of way fence of the defendant, and rooting up and destroying the plaintiff's crop of corn; trial by jury and verdict for plaintiff for four hundred and fifty ($450) dollars, which was doubled by the court, and judgment rendered for nine hundred ($900) dollars, and defendant has appealed.

The evidence tended to show that the corn was planted in good condition; that it was from one to two inches high when hogs came in through defendant's right of way fence and destroyed it; that the fence had been out of repair for a long time. Witnesses also testified as to the value of the crop at the time it was destroyed—some put it at seven hundred and fifty dollars, some at twenty dollars per acre, and others at a less sum. Evidence was also offered as to what the crop would have made had it not been destroyed, and the market value of corn at the maturity of the crop.

Defendant assigns as error, first, that under the petition and evidence no judgment should be rendered for plaintiff; second, the court erred in giving and refusing instructions; third, that the verdict is excessive.

As to the first assignment that under the pleadings and the evidence no judgment could be rendered, contention is made that this is an action for failure to erect a fence, and the evidence shows that damages, if any, resulted from the failure to maintain. The charge in the petition relates to both and says "That

defendant failed and neglected, during the months of March, April, May, June and July, 1909, to erect and maintain such lawful fences, etc." Having alleged both the judgment would be sustained by proof of either, and this contention must be ruled against appellant.

The instructions in this case placed the burden of proof upon the plaintiff and told the jury that the measure of damages, should they find for the plaintiff, was the value of the plaintiff's crop standing in the field at the time it was destroyed. As just held by us in the case of Deal and Molton v. the same defendant this was the correct measure of the damages.

Defendant also asked an instruction to the effect that if the plaintiff knew at the time he planted corn that this fence was defective and that on that account he could not mature his crop, then he could not recover in this action. Appellant has not cited us to any authorities sustaining his position as to this instruction, and to us the proposition seems so unreasonable that it should require no citation of authority to refute it.

The next contention is that the damages assessed are unreasonably excessive, but a review of the testimony shows that the jury did not place the damages as high as some of the witnesses did, and as the question of value was one of dispute at the trial we are not prepared to say that the amount the jury awarded was unreasonable, and cannot say it was not supported by substantial testimony, for the reason that some of the witnesses placed it much higher than the jury found it to be.

We discover no error in the trial of this case, and the judgment will be affirmed. All concur.