GEORGE KELLEY et al., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 3, 1914.

1. **RAILROADS: Failure to Fence Right of Way: Action for Double Damages: Defenses.** A railroad company which fails to fence its right of way, as required by Sec. 3145, R. S. 1909, is liable, under the statute, for damages to adjoining lands done

by stock escaping from its right of way, whether such lands be enclosed or unenclosed.

2. ————: ————: **Statute: Construction.** Sec. 3145, R. S. 1909, requiring railroad companies to erect and maintain lawful fences on the side of the road where the same passes through, along or adjoining enclosed or cultivated fields or unenclosed lands, and making the company liable for double damages for injuries occasioned by the failure to erect and maintain such fences, is penal in character and hence must be strictly construed.

3. **STATUTES: Penal Statutes: Construction.** A penal statute must receive a strict construction.

4. **DAMAGES: Destruction of Growing Crops: Measure of Damages.** The measure of damages for the destruction of growing crops is the value of the crops standing and growing in the field at the time they were destroyed.

5. ————: ————: **Excessiveness of Recovery.** In an action for damages for the destruction of 32½ acres of young growing corn and 10 acres of wheat in the shock, *held*, under the evidence, that a verdict for $400 was not excessive.

Appeal from Madison Circuit Court.—*Hon. Peter H. Huck*, Judge.

AFFIRMED.

*Anthony & Davis* for appellant.

(1) Defendant railway company was required by the statute to erect along its right of way, passing through Kelley's fields, a lawful fence. R. S. 1909, secs. 3145, 6455; King v. Railroad, 79 Mo. 328. (2) As between adjoining land owners, no recovery can be had for damages done by trespassing animals unless the owner of the field maintains a lawful fence. Therefore we maintain that no recovery can be had against the railway company for damages done by animals straying from its right of way into a farmer's field, unless the field is enclosed by a lawful fence. R. S. 1909, sec. 6455; Mann v. Williamson, 70 Mo. 661; Mackler v. Schuster, 68 Mo. App. 670; Storms v. White, 23 Mo. App. 31; R. S. 1909, sec. 3145. (3) In order

that a land owner may be fully protected the railway company should erect a lawful fence along his field and the owner should build a lawful fence around the other sides of his field. Stanley v. Railroad, 84 Mo. 625; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384. (4) As a condition precedent to the right of recovery by respondents, it devolved upon them to allege and prove, not alone that the railway company failed to maintain a lawful fence, where, by law, it was required to do so, but that the field or fields of respondents were enclosed with lawful fences at points where they were required to fence.

*E. D. Anthony* for respondents.

A complaint in an action under the 43rd section (now Section 3145, R. S. 1909) of the railroad law to recover double damages for injury to crop does not have to state that the fields were enclosed by a lawful fence, nor do the fields have to be inclosed by a lawful fence before the railroad company is liable for damages. Clare v. Railroad, 79 Mo. 39; Kingsbury v. Railroad, 156 Mo. 379; Marion v. Railroad, 127 Mo. App. 129; Deal v. Railroad, 144 Mo. App. 684; Deal v. Railroad, 144 Mo. App. 689. (2) A finding of fact by the jury, where there is substantial evidence to support it, is conclusive on appeal, and a verdict on conflicting evidence is also conclusive on appeal. Acme Harvesting Mch. Co. v. Gasperson, 168 Mo. App. 558; Turler v. Street Railway Co., 166 Mo. App. 655. (3) A verdict, confirmed by the trial court, and supported by substantial evidence, will not be disturbed on appeal, unless so grossly excessive as to indicate passion, prejudice, or corruption in the jury. Fisher v. Oliver, 154 S. W. 453; Hurley v. Railroad, 156 S. W. 57; Welborn v. Street Railway Co., 156 S. W. 778; Tranberger v. Railroad, 156 S. W. 694. (4) Where damages to plaintiffs' crops by stock which entered plaintiffs' fields through defendant's defective fences

during the months of May, June and July is the result of a continuous wrong and the damages are not susceptible of division either as to quantum or date, it is proper to permit a recovery of the whole damages in one count, and the only fair way to arrive at what was the actual value of the crop at the time of its destruction was by showing what the crop, if it had not been destroyed, would have produced, the cost of completing the cultivation, harvesting and marketing it to be deduced therefrom. Darby v. Railroad, 156 Mo. 391; Deal v. Railroad, 144 Mo. App. 684; Pace v. Railroad, 156 S. W. 746; Hunt v. Railroad, 126 Mo. App. 261.

ALLEN, J.—This is an action for double damages, under section 3145, Revised Statutes 1909, for the destruction of plaintiffs' crops by cattle and hogs which entered upon the premises of plaintiffs' from the adjoining right of way of defendant railroad company, because of the failure of the latter to maintain lawful fences.

The cause was tried before the court and a jury, resulting in a verdict for plaintiffs for $400. Judgment was entered for double that amount, in accordance with the statute and the prayer of plaintiffs' petition, and the defendant prosecutes the appeal.

It appears that the lands in question consisted of certain cultivated fields lying along and adjoining defendant's right of way; that at divers times in May, June and July, 1911, cattle and hogs entered such fields from defendant's right of way, owing to the failure of defendant to erect and maintain lawful fences along its said right of way, and destroyed crops of corn and wheat belonging to the plaintiffs.

It is not disputed that defendant failed, during the period in question, to maintain lawful fences along its said right of way, or that the stock that destroyed plaintiffs' crops entered upon the latter's said fields from defendant's right of way, because of the failure

of the latter to fence the same as required by law. Indeed, not only is plaintiffs' evidence in respect to these matters uncontroverted, but such facts are here conceded by learned counsel for appellant in argument *ore tenus*. But appellant denies liability, under the statute, upon the ground that the evidence showed that plaintiffs' said fields were not enclosed by lawful fences upon the sides thereof not abutting upon defendant's right of way, and asserts that unless plaintiffs' said lands were, at the time, so enclosed by lawful fences, plaintiff cannot recover in this action.

But an examination of the above mentioned statute will readily disclose that there can be no merit in this contention. The statute requires railroad corporations to "erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands," etc., and provides that such corporation shall be liable in double the amount of all damages which shall be done "by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands, fields or inclosures, occasioned in either case by the failure to construct or maintain such fences." It is quite clear that the statute makes a railroad company liable for damages thus done by stock escaping from its right of way upon adjoining lands, whether the latter be enclosed or unenclosed. Such is the clear and unequivocal language thereof. The statute is penal in its nature, and consequently must receive a strict construction; but the language of the act leaves no doubt whatsoever as to the purpose and intent of the lawmakers with respect to this question. And if a railroad company is liable, under the statute, where adjoining lands are entirely unenclosed, no doubt may be entertained as to its liability where such lands are enclosed, but not by a lawful fence.

180 App. 41

There was evidence tending to show that plaintiffs' fences about their fields were not lawful fences, were in bad condition, and were down in places. The testimony as to this, and certain photographs introduced, pertained to the condition of such fences some months after the destruction of the crops, and it is claimed by plaintiffs that their fences were not in such condition at the time when the crops were destroyed. But this is wholly immaterial, for the reason that it mattered not what sort of fences plaintiff maintained, nor whether they maintained any fences whatsoever about the sides of the fields not adjoining defendant's right of way. If, in point of fact, the stock which destroyed plaintiffs' crops passed from defendant's right of way upon plaintiffs' lands, by reason of defendant's failure to maintain lawful fences, then such failure on the part of defendant is to be regarded as the immediate and proximate cause of plaintiffs' loss. And the statute expressly makes the defendant liable therefor. [In this connection, see Boggs v. Railway Company, 156 Mo. 389, 57 S. W. 550.]

The cases of Mann v. Williamson, 70 Mo. 661; Mackler v. Schuster, 68 Mo. App. 670; Storms v. White, 23 Mo. App. 31, to which we are referred, are not cases arising under this statute at all, and have no bearing upon the matter in hand. Neither is anything to be found in the other cases cited by appellant which in any way supports its contention.

In fact, we are pointed to no authority whatsoever which sustains appellant's position. Indeed, we take it that none may be found, for the very reason that the language of the statute is clear and unmistakable. It is sufficient if the stock causing the damage passed from defendant's right of way upon plaintiffs' lands, because of defendant's failure to maintain lawful fences along its road. [See Marion v. Railroad, 127 Mo. App. l. c. 132, 104 S. W. 1125.]

What we have said disposes of the only contention made by appellant, except that the verdict is excessive. We have carefully examined the evidence adduced with respect to plaintiffs' loss. It appears that thirty-two and one-half acres of young growing corn was destroyed, and likewise ten acres of wheat in the shock. The court properly instructed the jury that if they found for plaintiffs, to assess the latters' damages at such sum as they might believe from the evidence the crops destroyed were worth, standing and growing in the field at the time they were destroyed. [See Deal v. Railroad, 144 Mo. App. 688, 129 S. W. 52.] There was testimony on behalf of plaintiffs from which the jury might fairly and properly have found that the value of such crops was as much as $400, the amount for which the verdict was returned. Under the evidence, we think it cannot be said that the verdict is excessive. The statute authorizes the amount thereof to be doubled; and the statute has been sustained by the Supreme Court in a long and unbroken line of decisions. [See Kingsbury v. Ry. Co., 156 Mo. 379, 57 S. W. 547.]

As we have found no reversible error in the record, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.